# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0684-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

COREY BATTS, a/k/a JAMIL
WARD,

    Defendant-Appellant.

_____

> Submitted October 23, 2018 – Decided November 30, 2018
>
> Before Judges Rothstadt and Gilson.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Accusation No. 07-09-1302 and Indictment Nos. 06-12-3945 and 08-06-1690.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).
>
> Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Corey Batts appeals from a June 29, 2016 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. In his petition, defendant contended that he should be allowed to withdraw guilty pleas he entered in 2007, and that his counsel was ineffective in failing to move to withdraw those pleas. We disagree and affirm.

I

Over the course of several years, defendant was charged with a number of crimes. In 2006, defendant was indicted for four crimes related to his possession of heroin. In 2007, defendant was charged in an accusation with six crimes related to his possession of heroin.

In September 2007, defendant pled guilty to two counts of third-degree possession of heroin with intent to distribute within a school zone, N.J.S.A. 2C:35-7, and one count of fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2). One of the pleas for possession with intent to distribute was a charge from the 2006 indictment, while the other two pleas were charges from the 2007 accusation. In the plea agreement, the State agreed to recommend an aggregate sentence of five years in prison with three years of parole ineligibility.

A-0684-16T3

At the time that defendant pled guilty in 2007, he was also facing federal criminal charges. In connection with his 2007 pleas, defendant agreed to cooperate with state authorities with the understanding that his successful cooperation might result in a lower sentence. Defendant also agreed to cooperate with federal authorities. A condition of defendant's cooperation agreement with the State was that he not engage in further criminal activity. After pleading guilty in September 2007, defendant was released and given an extended sentencing date so that he could provide cooperation.

In January 2008, defendant was found to be in possession of a stolen car. He was arrested and charged with receiving stolen property. As a result of that arrest and charge, the State terminated its cooperation agreement with defendant.

In April 2009, defendant pled guilty to third-degree receiving stolen property, N.J.S.A. 2C:20-7. In the related plea agreement, the State agreed to recommend that defendant be sentenced to three years in prison. The State also agreed to recommend that the sentence run concurrent to defendant's pending sentences for the guilty pleas he entered in 2007.

On August 4, 2009, defendant was sentenced on all four of his pending state convictions. For his convictions for possession of heroin with intent to

distribute in a school zone, defendant was sentenced to five years in prison with three years of parole ineligibility. For his conviction for resisting arrest, defendant was sentenced to eighteen months in prison. For his conviction for receiving stolen property, defendant was sentenced to three years in prison. All of those sentences were run concurrent to each other. Those sentences were also to run concurrent to any federal sentence.

Defendant did not file a direct appeal from any of his convictions or sentences imposed in 2009. Instead, in May 2014, defendant filed a petition for PCR. He was assigned counsel. The PCR court heard oral argument and granted an evidentiary hearing. Following that hearing, on June 29, 2016, the PCR court entered an order denying defendant's petition.

At the PCR hearing, defendant testified and asserted that he should be allowed to withdraw the guilty pleas entered in 2007 because his cooperation with federal authorities prevented him from cooperating with state authorities. Defendant also contended that he was not given time to complete his cooperation agreement with the State because he was working with federal authorities and he was then arrested for receiving stolen property.

The PCR court rejected defendant's arguments. The court found that defendant had entered into cooperation agreements with state and federal

authorities. The court also found that the agreement with the State was conditioned on defendant not engaging in future criminal activity. The court then found that defendant had breached his cooperation agreement with the State in January 2008 when he was arrested and charged with receiving stolen property. Thus, the PCR court found that defendant had no legitimate basis to withdraw his 2007 guilty pleas and his counsel had not been ineffective in not filing a motion to withdraw those pleas.

## II

On appeal, defendant makes one argument, which he articulates as follows:

> POINT I – MR. BATTS IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL AND THAT HE SHOULD BE ALLOWED TO WITHDRAW HIS PLEA.

More specifically, defendant argues that although the PCR court held an evidentiary hearing, the hearing was limited in purpose and defendant is entitled to a more complete evidentiary hearing.

We use a "deferential standard of review" on an appeal of a denial of a PCR petition following an evidentiary hearing. State v. Nash, 212 N.J. 518, 542-43 (2013). Accordingly, the factual findings made by a PCR court

5

following an evidentiary hearing will be accepted if they are based on "sufficient credible evidence in the record." Id. at 540. Legal conclusions are reviewed de novo. Id. at 540-41. A defendant is only entitled to an evidentiary hearing on a PCR petition if he or she establishes a prima facie case in support of PCR, "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and the court determines "that an evidentiary hearing is necessary to resolve the claims for relief." R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354 (2013).

Here, defendant's contention depends on his ability to establish a prima facie showing of grounds to withdraw his guilty plea or ineffective assistance of counsel. To justify withdrawing his guilty plea, defendant must show that the State breached a material representation made in connection with his plea, see State v. Rosario, 391 N.J. Super. 1, 13 (App. Div. 2007) (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)), or that he has a basis for withdrawing his guilty plea. State v. Slater, 198 N.J. 145, 156 (2009); see also R. 3:21-1. To withdraw his plea post-sentencing, defendant must show a manifest injustice. R. 3:21-1. In making that determination, the court considers and balances four factors: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the

A-0684-16T3

existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 157-58.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under that test, a defendant must prove (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58.

Here, defendant cannot show that the State breached its plea agreement. The written plea agreement provided that defendant would be sentenced to an aggregate term of five years in prison with three years of parole ineligibility. Defendant received the benefit of that bargain. Nevertheless, defendant argues that under his cooperation agreement, he might have received a lower sentence. He further contends that there is a need for a hearing to develop what the cooperation agreement provided. The PCR court, however, conducted a hearing and found that the cooperation agreement with the State was conditioned on

A-0684-16T3

defendant not engaging in further criminal activity. The court then found that defendant breached that agreement when he was arrested, charged, and convicted of receiving stolen property.

Defendant contends that the PCR court improperly determined that the conditions of the cooperation agreement were part of his plea. Furthermore, defendant argues that even if the conditions were part of the plea, the conditions were too vague and it would be unfair to enforce them. We are not persuaded by these arguments. The PCR court conducted an adequate hearing to find that there was a cooperation agreement connected to defendant's plea, the agreement was conditioned on defendant not engaging in further criminal activity, and defendant breached that condition. There was sufficient credible evidence presented at the evidentiary hearing to support those findings.

Given that defendant breached his cooperation agreement, he cannot show that he was entitled to withdraw his guilty pleas. In that regard, defendant does not contend that he was innocent of the crimes that he pled guilty to in 2007. Moreover, as already noted, defendant received the sentence that was recommended by the State at the time of his plea. Accordingly, no manifest injustice has occurred. Similarly, defendant has not made a prima facie showing of ineffective assistance of counsel since there was no showing of a basis for

A-0684-16T3

making the motion to withdraw the guilty plea or that the motion had a reasonable probability of success.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0684-16T3